**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____  ___

|                                               |   |
|-----------------------------------------------|---|
|                                               | ) |
| **KAREN COUTURE**                             | ) |
|         Plaintiff,                            | ) |
|                                               | ) |
| **vs.**                                       | ) **Civil Action No. 1:11-cv-11606** |
|                                               | ) |
|                                               | ) |
| **NATIONWIDE COLLECTION CORPORATION,** )      |   |
| **JOHN DOES, and JANE DOES**                  | ) |
|         Defendants,                           | ) |
|                                               | ) |

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I.      INTRODUCTION*

1.  This is an action for actual and statutory damages brought by plaintiff Karen Couture, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### *II.     JURISDICTION*

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendants transact business here, personal jurisdiction is established.

### III.     PARTIES

5.  Plaintiff, Karen Couture is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Hampshire County, in the state of Massachusetts.

6.  Defendant, Nationwide Collection Corporation, Inc. (hereinafter "NCC"), is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Duval County, at 963 Baxter Avenue, Louisville, Kentucky 40204.

7.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9.  Plaintiff is informed and believes, and thereon alleged, that Defendants use the instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10.  At all relevant times, Defendants acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

11.  Sometime before 2011, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), namely a student loan debt.

12.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to defendant NCC for collection from Plaintiff.

13.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

14.  Upon information and belief, Defendants then within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection calls to Plaintiff from telephone number (502) 493-5008, in and around the beginning of January of 2011, to both Plaintiff's cellular and home telephone numbers, (413) 627-2617 and (413) 536-4036 respectively, both directly and through the usage of an automatic telephone dialing system (hereinafter 'auto-dialer'); seeking and demanding payment for an alleged consumer debt owed under an account number.

15.  Upon information and belief, Defendants called Plaintiff in May of 2011 in a harassing manner, and Plaintiff called Defendant back and spoke to a supervisor, who assured Plaintiff that such harassing calls would cease.

16.  Upon information and belief, Defendants called Plaintiff's cellular telephone number on June 30, 2011 both directly, and through the usage of an auto-dialer, without Plaintiff's express consent, at 8:00 o'clock antemeridian, 8:08 antemeridian, 11:14 antemeridian, 2:41 postmeridian, 2:57 postmeridian, and 2:59 postmeridian.

17.  Upon information and belief, when Plaintiff spoke to Defendants at 2:59 postmeridian, she informed Defendants that she had company over, and that she would call them back when her company left; thus, that Defendants' calls inconvenienced her.

18.  Upon information and belief, Defendants proceeded to ignore Plaintiff's express instructions to wait for her to call Defendants at a more convenient time, and continued to both call her directly, and also through the usage of an auto-dialer; calling her at 3:04 postmeridian, 4:46 postmeridian, 5:31 postmeridian, 5:33 postmeridian, 5:34 postmeridian, 5:36 postmeridian 5:40 postmeridian, twice at 5:56 postmeridian, 6:05 postmeridian, 6:36 postmeridian, and 6:39 postmeridian.

19.  Upon information and belief, Plaintiff then shut her cellular phone off, in an attempt to prevent receiving further harassing telephone calls from Defendants.

20.  Upon information and belief, Plaintiff had previously told Defendant not to call her cell phone anymore as it was costing her valuable minutes on her cell phone plan, and money.  Plaintiff had to change her cell phone's minute plan due to Defendant's harassing calls.

21.  Upon information and belief, defendant NCC is attempting to collect amounts on Plaintiff's alleged debt in Massachusetts, a state in which it is not licensed - and thus not permitted by law - to collect in; defendant NCC's license was revoked in Massachusetts in 1994.

22.  Upon information and belief, defendant NCC is also not licensed in Kentucky, the state that its principle place of business is located in; defendant NCC's license in said state expired in April of 2011.

23.  The natural consequences of Defendants' statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24.  The natural consequences of Defendants' statements and actions were to cause Plaintiff mental distress.

25.  Defendants utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff with excessive telephone calls through the use of an auto-dialer without Plaintiff's express consent, and also by trying to collect amounts on Plaintiff's alleged debt when Defendants are not licensed to collect in Plaintiff's state of residence.

### *SUMMARY*

26.  All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by defendant NCC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

27.  The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

28.  As a result of the acts alleged above, Defendants caused Plaintiff to become very upset because of the aggressive manner in which this alleged debt was collected by these Defendants.

29.  Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

30.  Defendants repeated attempts to collect this alleged debt from Plaintiff, a person whom did not owe this alleged debt, was an invasion of Plaintiff's privacy and her right to be left alone.

31.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

*RESPONDEAT SUPERIOR LIABILITY*

32.  The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by defendant NCC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, defendant NCC.

33.  The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by defendant NCC in collecting consumer debts.

34.  By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, defendant NCC.

35.  Defendant, NCC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## V.    *CAUSES OF ACTION*

### *COUNT I*

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*
### *15 U.S.C. § 1692 et seq.*

36.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.  The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a)  Defendants violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

> (b)  Defendants violated *§1692c(a)(1)* by calling Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendants or the express permission of a court of competent jurisdiction; and

(c) Defendants violated *§1692f(1)* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

38.  As a result of the foregoing violations of the FDCPA, Defendants are liable to the plaintiff Karen Couture for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

39.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.  The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

(a) Defendant violated TCPA § 227b(1)(A)(iii) by calling Plaintiff using an automatic telephone dialing system and artificial or prerecorded voice to Plaintiff's cellular telephone number without the prior express consent of Plaintiff and despite her specific instruction not to call her cellular phone.

41.  As a result of the foregoing violations of the TCPA, Defendants are liable to the plaintiff Karen Couture for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227, and reasonable costs and attorney fees pursuant to 47 U.S.C. § 227, from each Defendant herein.

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

44.  Congress also explicitly recognized a consumer's inherent right to privacy when passing the Telephone Consumer Protection Act, when it stated it proscribes conditions in it that are:

> [N]ecessary **in the interest of the privacy rights** this section is intended to protect.

47 U.S.C. § 227 (emphasis added).

45.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

46.  Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

47.  Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully contacting her as a non-responsible third party about this debt, and thereby invaded Plaintiff's right to privacy.

48.  Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

49.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

50.  The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

51. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52.  As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.


## VI.    *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment that each Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of the TCPA.

B. Actual damages from each Defendant pursuant to both 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227 for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and TCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D.  Statutory damages of $500.00 from each Defendant for each separate violation pursuant to 47 U.S.C. § 227.

E. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to both 15 U.S.C. § 1692k(a)(3) and 47 U.S.C. § 227.

F. For such other and further relief as the Court may deem just and proper.

Dated: September 13, 2011                              RESPECTFULLY SUBMITTED,
                                                      By: /s/ Kevin Crick, Esq.
                                                      Kevin Crick, Esq.
                                                      BBO:  680950
                                                      Consumer Rights Law Firm, PLLC
                                                      2 Dundee Park, Suite 201
                                                      Andover, Massachusetts 01810
                                                      Phone: (978) 212-3300
                                                      Fax: (888) 712-4458
                                                      kevinc@consumerlawfirmcenter.com
                                                      **Attorney for Plaintiff**


*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Karen Couture demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.